# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| BRIDGESTONE BRANDS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> QINGDAO ODYKING TIRE CO., LTD, DOES I through X; and ROE CORPORATIONS I through X, inclusive, <br><br> Defendants. | No. 2:13-cv-02164-GMN-VCF <br><br> **ORDER** |

This matter involves Plaintiff Bridgestone Brands, LLC ("Bridgestone's"), civil action for trademark counterfeiting, trademark infringement, trademark dilution, false advertising, and unfair competition arising under federal law. Before the court is Bridgestone's *ex parte* Statement Regarding Status of Service of Process on the Defendant.

## DISCUSSION

Prior to discussing Bridgestone's Statement Regarding Status of Service of Process the court will briefly discuss the local rule governing *ex parte* motions.

*A. Ex Parte Motions Under Local Rule 7-5(a)*

As defined by Local Rule 7-5(a), an *ex parte* motion is a motion "filed with the Court, [that] is not served upon the opposing or other parties." *See* LR 7-5(a). The purpose of an *ex parte* motion is, therefore, to allow a party to communicate with the court privately. For this reason, *ex parte* motions must "contain a statement showing good cause why the matter was submitted to the Court without notice to all parties." LR 7-5(b). An *ex parte* motion should be made when a movant does not want a party or their opposing counsel to be served, not because the movant cannot serve the party within the time

granted by the court. By filing the motion on an *ex parte* basis, Defendants will never be served with this document. *See* Black's Law Dictionary (9th ed. 2009), *ex parte* motion ("[A] motion that a court considers and rules on without hearing from all sides").

The Plaintiff's *ex parte* filing in this matter was inappropriate. Whether service of process is appropriately executed is a matter that affects a Defendant's due process rights under the Constitution. *See Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982)) (stating that personal jurisdiction over a Defendant is conferred by compliance with Rule 4). A Defendant must be afforded an opportunity to challenge service if they believe that service was not executed in accordance with the Constitution's "traditional notions of fair play and substantial justice." *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The court finds no sufficient basis for the Plaintiff's filing to be submitted without notice to the parties.

*B. The Court Takes Notice of Plaintiff's Statement Regarding Service Deadline*

Pursuant to Federal Rule of Civil Procedure 4(m), a Plaintiff has 120 days after a complaint is filed to serve a Defendant. Fed. R. Civ. P. 4. However, subdivision m of Rule 4 expressly states that the 120 day provision does not apply to service of a Defendant in a foreign country under Rule 4(f) or 4(j)(1). Fed. R. Civ. P. 4. The Plaintiff alleges that the Defendant is a Chinese corporation, and thus Rule 4(m) may not apply. The Plaintiff's Statement Regarding Status of Service of Process on the Defendant will be part of the public record of this case.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Clerk remove the *ex parte* designation from Bridgestone's Statement Regarding Status of Service of Process on the Defendant (#12).

IT IS SO ORDERED.

DATED this 28th day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE