IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Bridgestone Brands, LLC, | ) |
| Plaintiff, | ) ) ) |
| | ) Civil Action No: 2:13-cv-02164-GMN-VCF |
| v. | ) ) ) |
| Qingdao Odyking Tire Co., Ltd. | ) ) |
| Defendant. | ) ) |

## STIPULATION

The undersigned represent that they have the authority to stipulate to the entry of the foregoing Final Judgment and Permanent Injunction, and it is so stipulated.

For Plaintiff:

By: *Thomas R Kingsbury*

Name: Thomas R Kingsbury

Position: Assistant Secretary

Date: January 19, 2015

For Defendant:

By: Qing Dao Odyking Tyre Co. Ltd.

Name: Joana Peng

Position: General Manager

Date: 16. Jan. 2015

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Bridgestone Brands, LLC,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | Civil Action No: 2:13-cv-02164-GMN-VCF |
| ) | |
| v.    ) | |
| ) | |
| Qingdao Odyking Tire Co., Ltd.    ) | |
| ) | |
| Defendant.    ) | |

**FINAL JUDGMENT
AND PERMANENT INJUNCTION**

By and with the consent of Plaintiff and Defendant, the Court enters the following final judgment and permanent injunction:

1. This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims because those claims form part of the same case or controversy. This court has personal jurisdiction over the parties, and venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c).

2. Good cause exists for the entry of this Final Judgment and Permanent Injunction against Defendant.

**THEREFORE, IT IS ORDERED AS FOLLOWS:**

A. As detailed in the settlement agreement attached as Exhibit A (the "Settlement Agreement"), Defendant, its related companies, officers, directors, employees, agents, and all

persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise are hereby PERMANENTLY ENJOINED from:

1. Using, registering, or attempting to use or register (directly or indirectly) the FAVORSTONE name or mark; the FAVORSTONE Logo; any name or mark comprised of or containing the letters "FR" (including, but not limited to FR170, FR270, FR370, FR470, FR570, FR670, FR770, and FR870); any variations thereof; and/or any other term(s), stylization(s), or design(s) likely to be confused with or to dilute any name or mark owned by Firestone or its related companies in any form (e.g., as, or as part of, a product name or logo, company name or logo, trademark, service mark, ornamentation, trade name, business name, fictitious name, slogan, tagline, domain name, favicon, e-mail address, URL, social-media name, screen name, keyword, metatag, or other name or identifier), in any medium (e.g., print, television, radio, Internet, or other electronic or online means), for any goods or services.

2. Falsely claiming that Odyking's tires use "BRIDGESTONE technology," or making any other false or misleading statements regarding Plaintiff, any of its related companies, or any of their products, technology, or operations.

B. Defendant will have ten (10) business days from the date of the full execution of the Settlement Agreement to comply with Paragraph 5 of the agreement requiring, among other things, the destruction and/or delivery to Bridgestone of all remaining products and materials containing any of the Prohibited Terms and/or Firestone Advertisements.

C. The Settlement Agreement is incorporated in and made part of this Judgment.

**IT IS SO ORDERED** this 26th day of January, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court

EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made by and between, on the one hand, Bridgestone Brands, LLC, a Delaware limited liability company with an address at 535 Marriot Drive, Nashville, Tennessee 37214 and Bridgestone Licensing Services, Inc., a Delaware corporation located at 535 Marriott Drive, Nashville, Tennessee 37214 (individually and collectively "Firestone") and, on the other hand, Qingdao Odyking Tire Co., Ltd., a Chinese company with an address at 14th Floor Peninsula Media Mansion No. 182-8 Hai'Er Rd Qingdao, China ("Odyking").

WHEREAS, Firestone owns the name and trademark FIRESTONE and FIRESTONE-formative names and trademarks (including the stylized versions shown below; individually and collectively the "FIRESTONE Logos") for a wide variety of products and services (including, but not limited to tires), and owns numerous federal trademark registrations for its marks:

**Firestone**

**Firestone**

WHEREAS, Firestone owns the marks FR380, FR480, FR680, and FR740 for tires (individually and collectively the "FR Marks"), and owns federal trademark registrations for the FR Marks.

WHEREAS, Firestone's parent company owns the name and trademark BRIDGESTONE and BRIDGESTONE-formative names and trademarks (including the stylized versions shown below; individually and collectively the "BRIDGESTONE Logos") for a wide variety of products and services (including, but not limited to tires), and owns numerous federal trademark registrations for its marks:

# BRIDGESTONE
# BRIDGESTONE

WHEREAS, Odyking promotes, offers, and sells vehicle tires in connection with the infringing mark FAVORSTONE and the following counterfeit logo:

# Fauorstone

(the "FAVORSTONE Logo");

WHEREAS, Odyking falsely claims that its tires use "BRIDGESTONE technology," as shown below, which is not true:



(the "False Advertisement");

WHEREAS, Odyking has adopted a line of marks for its tires that mimic Firestone's FR Marks, e.g., FR170, FR270, FR370, FR470, FR570, FR670, FR770, and FR870;

WHEREAS, Firestone objected to Odyking's unlawful activities and, on November 22, 2013, filed a complaint against Odyking in the United States District Court for the District of

2

Nevada, Case No. 2:13-cv-02164-GMN-VCF (the "Civil Action"), alleging, among other things, trademark infringement and unfair competition;

WHEREAS, Odyking has agreed to permanently cease all of the complained-of actions and to not infringe, dilute, or otherwise violate Firestone's rights in the future;

WHEREAS, the parties now wish to resolve this matter by agreement;

NOW, THEREFORE, in consideration of the mutual covenants and obligations contained in this Agreement, and for good and valuable consideration, the receipt and sufficiency of which are acknowledged, intending to be legally bound by this Agreement, the parties agree as follows:

1. Odyking will immediately cease and permanently refrain from using, registering, or attempting to use or register (directly or indirectly) the following:

   a. the FAVORSTONE name and mark;

   b. the FAVORSTONE Logo;

   c. the FIRESTONE name and mark;

   d. the FIRESTONE Logos;

   e. the BRIDGESTONE name and mark;

   f. the Bridgestone Logos;

   g. any name or mark comprised of or containing the letters "FR", including, but not limited to FR170, FR270, FR370, FR470, FR570, FR670, FR770, and FR870;

   h. any other name(s), mark(s), term(s), stylization(s), or design(s) owned by Firestone or any of their related companies (e.g., POTENZA; TURANZA; DUELER; ALENZA; BLIZZAK; ECOPIA; YOUR JOURNEY, OUR PASSION; FIREHAWK, DESTINATION, TRIUMPH, CHAMPION, AFFINITY, DRIVEGUARD, BATTLAX, CONTINUUM, TRANSFORCE, WHERE THE RUBBER MEETS THE ROAD; BANDAG), including, but not limited to any variations of the above names, marks, or logos; and/or

   i. any other name(s), mark(s), term(s), stylization(s), or design(s) likely to be confused with or to dilute any name or mark owned by Firestone or its related companies, including but not limited to any name, mark, term, stylization, or

        design comprised of or containing STONE, FIRE, BRIDGE, NZA, or any variation (e.g., STN, STNE, FRE, FIR, BRIDG, BRDGE, NSA).

(individually and collectively the "Prohibited Terms").

  2. Odyking will not (directly or indirectly) use any of the Prohibited Terms in any language, format, or form (e.g., as, or as part of, a product name or logo, model or part name, company name or logo, trademark, service mark, ornamentation, trade name, business name, fictitious name, slogan, tagline, domain name, favicon, e-mail address, URL, social-media name, screen name, keyword, metatag, or other name or identifier), in any medium (e.g., print, television, radio, Internet, or other electronic or online means), in connection with any goods or services, including, but not limited to tires and materials therefor (e.g., labels, brochures, handouts, etc.). To that end, Odyking must immediately (and by no later than ten (10) days after the Effective Date of this Agreement, as defined below) take all actions to ensure that the Prohibited Terms are no longer used in connection with its business(es), products, services, or other activities, including but not limited to the following:

    a. deactivate and permanently refrain from using email addresses comprising of or containing any of the Prohibited Terms;

    b. cancel all future advertisements and directory listings that include any of the Prohibited Terms;

    c. cancel all keyword purchases and permanently refrain from purchasing keywords for any term comprised of or containing any of the Prohibited Terms; and

    d. delist and permanently refrain from listing any term comprised of or containing any of the Prohibited Terms with any search engines.

  3. Within ten (10) business days after the Effective Date of this Agreement, Odyking will take all steps needed to expressly abandon/cancel Chinese Trademark Registration No. 9123450 (for the FAVORSTONE mark) and any other trademark applications or registrations for any of the Prohibited Terms that are owned or controlled (directly or indirectly) by Odyking.

4

4.   Odyking will immediately cease and permanently refrain from using, posting, displaying, or disseminating the False Advertisement or any other material(s) comparing its company, products, technology, or operations with or otherwise associating itself with or referencing Firestone, any of its related companies, or any of their products, technology, or operations (individually and collectively "Firestone Advertisements").

5.   Odyking will not (directly or indirectly) assist or induce any other person or entity to use any of the Prohibited Terms or Firestone Advertisements. If Odyking learns that any other person or entity misuses any of the Prohibited Terms, Odyking will immediately notify Firestone of such use in writing pursuant to Paragraph 12 and will not do business with such person or entity (or maintain any commercial, business, or professional relationship of any kind with such person or entity, even if such relationship is not for profit) unless and until the misuse of the Prohibited Term(s) completely stops.

6.   Within ten (10) business days after the Effective Date of this Agreement (defined below), Odyking will, in a sworn written statement, identify and describe all materials bearing or containing any of the Prohibited Terms and Firestone Advertisements in its possession, custody, or control (e.g., all tires, brochures, labels, etc.), including but not limited to identifying and describing the type(s) of such materials, inventory of materials, and location of materials. Firestone will then instruct Odyking to either destroy/remove some or all of the materials, or to send some or all of them to Firestone for disposal as Firestone deems appropriate in its sole discretion, which Odyking will not challenge. If Firestone instructs Odyking to destroy any or all materials, Odyking will promptly notify Firestone in writing that such actions have been taken, when they were taken, specifically how they were taken, and will provide photographs or videos showing the destruction of the materials.

7. Concurrent with the execution of this Agreement, Firestone and Odyking will sign and enter into the Final Judgment and Permanent Injunction attached as Exhibit A ("Judgment"). Firestone will file the Judgment with the Court. If, for any reason, the Court requires modification or re-filing of the Judgment, Odyking will promptly consent to and sign a modified Judgment acceptable to Firestone that complies with the Court's instructions and the terms of this Agreement.

8. Odyking represents and warrants that as of the date of its execution of this Agreement:

   a. Odyking has not granted any licenses to or authorized any third parties (directly or indirectly) to use any of the Prohibited Terms or Firestone Advertisements;

   b. Odyking does not own or control any trademark application(s) or registration(s) comprised of or containing any of the Prohibited Terms, other Chinese Registration No. 9123450;

   c. Odyking has not registered or recorded (or applied to register or record) any trade name, business name, corporate name, or fictitious name comprised or containing any of the Prohibited Terms;

   d. Odyking does not own or control, directly or indirectly, any domain name(s) comprised of or containing any of the Prohibited Terms; and

   e. Odyking has no duty or obligation (contractual or otherwise), directly or indirectly, that would in any way prevent it from fully complying with any of its obligations under this Agreement.

9. Odyking will not (directly or indirectly) criticize, disparage, demean, and/or speak poorly of (or assist or induce, directly or indirectly, any other person or entity to criticize, disparage, demean, and/or speak poorly of) Firestone, any of Firestone's related entities, or any products or services made or sold by any of them, in any public communication (verbal or written) in any form, manner, or media.

10. Each party warrants and represents that the person signing this Agreement has full power and actual authority to enter into this Agreement and to bind its respective directors, officers,

agents, employees, partners, representatives, subsidiaries, affiliates, assigns, related companies, licensees, and successors to the Agreement.

11. This Agreement constitutes the entire agreement and understanding between the parties and supersedes any prior agreements, negotiations, or understanding between or among them relating to the subject matter of this Agreement. Further, the parties agree that this Agreement may not be amended or changed in any way, except by a written instrument signed by each of the parties.

12. All notices and communications made in connection with this Agreement shall be in writing and delivered by hand, certified mail, or overnight courier service (such as FedEx delivery), addressed as follows:

If to Firestone:

        Director of Intellectual Property
        Bridgestone Corporation
        1-1, Kyobashi 3-chome,
        Chuo-ku, Tokyo 104-8340, Japan
        Facsimile: 81-3-6836-3251

        --and--

        Chief IP Counsel
        Bridgestone Americas, Inc.
        10 East Firestone Blvd.
        Akron, OH 44317
        Facsimile: (330) 379-4064

If to Odyking:

        DEPUTY GENERAL MANAGER
        Qingdao Odyking Tire Co., Ltd.
        14th Floor Peninsula Media Mansion
        No. 182-8 Hai'Er Rd Qingdao, China
        Facsimile: **86-532-55578558**

Any change of address will be effective when sent in accordance with the provisions of this Paragraph.

13. This Agreement, and all of its provisions, shall be binding upon and inure to the benefit of the parties and their respective officers, directors, shareholders, predecessors, successors, transferees, assigns, parents, affiliates, and subsidiaries.

14. If any portion of this Agreement is declared invalid or unenforceable for any reason, such portion is deemed severable, and the remainder of this Agreement will be deemed and remain fully valid and enforceable unless such invalidity or unenforceability tends to substantially deprive any party of the benefits to be provided to it by this Agreement, in which case said deprived party will have the option of keeping this Agreement in effect or terminating it.

15. Odyking irrevocably consents and submits to the jurisdiction of the U.S. District Court for the District of Nevada (or any other forum that Firestone may choose) as the sole jurisdiction for resolution of any dispute involving or relating in any way to this Agreement (except for appeals). Odyking will waive service under Rule 4 of the Federal Rules of Civil Procedure (or any other applicable rules) and will accept service by the means provided in Paragraph 12.

16. This Agreement is signed voluntarily and without any duress or undue influence on the parties or their officers, employees, agents or attorneys, and no party is relying on any inducements, promises, or representations made by any other party or any of its officers, employees, agents or attorneys other than as set forth in this Agreement.

17. Failure of any party to require the performance of any term in this Agreement, or the waiver by any party of any breach of this Agreement, will not prevent subsequent enforcement of such term nor be deemed a waiver of any subsequent breach.

18. The provisions of this Agreement will not be construed against either party.     19. This Agreement is worldwide in scope.

20. Odyking acknowledges the validity and enforceability of the FIRESTONE name and mark, FIRESTONE Logos, BRIDGESTONE name and mark, BRIDGESTONE Logos, and FR

8

Marks. Odyking acknowledges that the FIRESTONE name and mark, FIRESTONE Logos, BRIDGESTONE name and mark, and BRIDGESTONE Logos are famous.

21. Odyking will not, directly or indirectly, contest, challenge, or attack: (1) Firestone's rights in and to any name or Mark comprised of or containing any of the Prohibited Terms or similar variations, (2) any applications or registrations filed or obtained by Firestone (or any of its related companies) for marks comprised of or containing any of the Prohibited Terms or similar variations, or (3) the validity of this Agreement.

22. Odyking acknowledges that violating this Agreement will cause immediate, irreparable, and immeasurable harm to Firestone, Firestone's reputation and goodwill, and/or Firestone's intellectual property. If Odyking violates this Agreement, Firestone will be entitled to:

    a. preliminary and permanent injunctive relief;

    b. specific performance and/or monetary damages;

    c. liquidated damages in the amount of $100,000 per violation;

    d. all costs and attorneys' fees that Firestone incurs in connection with the violation; and

    e. any monetary or other relief awarded by a court, tribunal, mediator, or arbitrator.

The remedies listed in (a)-(e) above will be cumulative, non-exclusive, and in addition to any other remedy to which Firestone may be entitled.

23. This Agreement may be signed using one or more counterparts, each of which when signed shall be deemed to be an original and all of which when taken together shall constitute one and the same agreement. This Agreement will be enforceable upon the exchange of facsimile or electronically scanned signatures and will be effective on the date of the last signature (the "Effective Date").

IN WITNESS THERETO, the parties have caused the authorized officers to execute this Agreement effective as of the date of the final signature written below.

**BRIDGESTONE BRANDS, LLC**

By: _Thomas R. Kingsbury_
     Assistant Secretary

Name: _Thomas R. Kingsbury_

Date: _July 9, 2014_

**QINGDAO ODYKING TIRE CO., LTD.**

By: _Deputy General Manager_

Name: _[signature]_

Date: _2014.7.1_

**BRIDGESTONE LICENSING SERVICES, INC.**

By: _Masahiko Yamamoto_

Name: _Masahiko Yamamoto, Vice President_

Date: _Aug 8, 2014_